GOETZE *et al. v.* DUNPHY.

*(Supreme Court, General Term, First Department.* November 23, 1888.)

SALE—ACTION FOR PRICE—INSTRUCTIONS—NEW TRIAL.

Defendant contracted with plaintiffs for the purchase of certain calf-skins, which plaintiffs guarantied should lose not more than 6 per cent. of their invoice weight. Defendant refused to receive them, and plaintiffs sued him for the difference between the contract price and the actual proceeds of the skins, which they had sold at auction. It was proved that the skins had shrunk more than 6 per cent., and the court charged that if the shrinkage below the invoice was greater, at the time of delivery, than the limits allowed by the contracts, defendant had the right to reject. The jury found for plaintiffs. *Held,* that defendant was entitled to a new trial.

Appeal from special term, New York county; PATTERSON, Justice.

Action on contract by Hermann Goetze, Ernst Popert, and Axel Thomsen, doing business in Hamburg, Germany, under the firm name of Goetze & Popert, against John Dunphy. There was a verdict for plaintiffs, on which judgment was entered, and defendant appeals.

Before VAN BRUNT, P. J., and BARTLETT and DANIELS, JJ.

*Hobbs & Gifford,* for appellant. *Evarts, Choate & Beaman, (Treadwell Cleveland,* of counsel,) for respondents.

DANIELS, J. The defendants entered into three contracts, in April and May, 1884, for the purchase, from the plaintiff, of three different lots of wet, salted calf-skins. The calf-skins contracted to be sold in this manner, afterwards in part arrived, and were unladen at a wharf in Hoboken, on the harbor of New York. The defendants refused to accept or receive the skins, and they were afterwards sold, under the authority of the plaintiffs, and the verdict has been recovered for the difference between the prices agreed to be paid and the proceeds of the sale. These skins were to be shipped by the plaintiffs, who were engaged in business at Hamburg, in Germany, and delivered on their arrival in New York. Each of the contracts of sale contained the statement that the skins were guarantied not to lose over 6 per cent. from their invoice weight. By the evidence of John Andresen, who was the broker by whom the contracts of sale were negotiated, the fact was proved that the skins did lose in weight more than this percentage. He stated that some of them had lost 1 or 2 per cent. more than 6 per cent., and some had lost more. And there was no contradiction whatever, as to this fact, in any of the evidence taken upon the trial. The fact that the skins had lost more than 6 per cent. from their invoice weight was conclusively proved, therefore, upon the trial; and as to this fact the defendant's counsel asked the court to charge that if the shrinkage below the invoice weight was greater, at the time of delivery, than the limits allowed by the several contracts, respectively, the defendant had the right to reject such skins, and the plaintiffs could not recover under such contracts. The court responded: "Yes, that is substantially so; that if the shrinkage below the invoice was greater, at the time of the delivery, than the limits allowed by the several contracts respectively, the defendant had the right to reject." Under this evidence, and the direction given by the court to the jury, their verdict should have been for the defendant. They must have misunderstood the direction which the court gave, to return the verdict which they did. The judgment and order should, therefore, be reversed, and a new trial directed, with costs to the defendant to abide the event of the action.

VAN BRUNT, P. J., and BARTLETT, J., concur.